UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| S.K., Individually and a/n/f of E.K., a minor,<br>   *Plaintiff*<br><br>VS.<br><br>Frisco Independent School District,<br>   *Defendant* | §<br>§<br>§<br>§<br>§   Civil Action No. 4:24-cv-00347-ALM<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S MOTION FOR ADDITIONAL EVIDENCE

TO THE HONORABLE UNITED STATES JUDGE:

Comes now, S.K., Individually and a/n/f of E.K., a minor and files this Motion for Additional Evidence and would respectfully show the Court the following.

### Standard of Review

"When a federal district court reviews a state hearing officer's decision in an impartial due process hearing under the IDEA, the court must receive the record of the administrative proceedings and is then required to take additional evidence at the request of any party." *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 252 (5th Cir. 1997); *see also A.A. v. Northside Indep. Sch. Dist.*, 951 F.3d 678, 689 (5th Cir. 2020) (A federal district court's review of an impartial due process hearing under the IDEA includes its review of the record of the administrative proceedings and review of additional evidence at the request of any party). The IDEA statute explicitly requires that the Court hear additional evidence at the request of a party. 20 USC 1415(i)(2)(C)(ii). Although the district court must accord "due weight" to the hearing officer's findings, the court must ultimately reach an independent decision based on a preponderance of the evidence. Accordingly, the district court's "review" of a hearing officer's

decision is "virtually de novo." Indeed, given its adducing of new evidence, even evidence of matters that have occurred since the administrative hearing under review, the district court proceeding under the IDEA is a hybrid, akin to a trial de novo. *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 252 (5th Cir. 1997). The Court has discretion as to what to admit as additional evidence. *E. R. by E. R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 763 (5th Cir. 2018). However, Fifth Circuit opinions use language suggesting district courts have little discretion to reject additional evidence. *Caldwell Indep. Sch. Dist. v. L.P.*, 994 F. Supp. 2d 811, 816 (W.D. Tex. 2012), *aff'd sub nom. Caldwell Indep. Sch. Dist. v. Joe P. ex rel. L.P.*, 551 F. App'x 140 (5th Cir. 2014).

**Proposed Exhibits[1]**

| P45 – Combined Emails February 2024-September 2024 | This exhibit was not offered at hearing because it was not yet in existence. This exhibit consists of 4 emails between the Student's father and Defendant's staff. The Hearing Officer made a finding that the "Student was not bullied." One of the emails in this exhibit discusses continued bullying of the Student by another. In addition, the Hearing Officer made a finding that the Defendant provided the Student with a program that was reasonably calculated to allow the "Student to make progress appropriate in light of his unique circumstances." These emails also demonstrate that the Student has not made appropriate academic progress. The emails also demonstrate that new changes to the IEP are working to help the Student's behaviors. These changes include things that the Defendant refused to provide before the due process hearing. Plaintiff asserts that this exhibit provides evidence that their request for compensatory education services should have been granted by the Hearing Officer. |
|---|---|
| P46 – Student's January 16, 2024 IEP | This exhibit was not offered at hearing because it was not yet in existence. This exhibit is the Student's updated IEP that was implemented after the due process hearing. The Hearing Officer made a finding that "the District developed an IEP and BIP individualized based on assessment and performance." This IEP demonstrates that the |

---

[1] Due to the confidential nature of the information contained within the proposed exhibits, Plaintiff has not included copies of them with this Motion. However, Defendant's counsel has been provided with copies and Plaintiff can submit them to the Court under seal if necessary for a ruling on this Motion.

| | |
|---|---|
| | IEPs at issue at the due process hearing were not sufficiently individualized to the Student's needs. Several requests made prior to the due process hearing that were denied were ultimately provided in this IEP post-due process. Plaintiff asserts that this exhibit provides evidence that their request for compensatory education services should have been granted by the Hearing Officer. |
| P47 – IEE Response dated February 21, 2024 | This exhibit was not offered at hearing, as it was not yet in existence. The Hearing Officer made a finding that "the District evaluations met the IDEA requirements" which the Defendant refers to in this letter. In addition, Plaintiff's claims include those for intentional discrimination against the Student. Plaintiff asserts that this recent refusal to grant a new request for an IEE is additional evidence of intentional discrimination by the Defendant towards the Plaintiff. |

Plaintiff requests that this Court admit the additional exhibits and provide Plaintiff with all further relief to which he may be entitled.

Respectfully submitted,

_____
State Bar No. 24059655

**Janelle L. Davis Law, PLLC**
P.O. Box 1311
Prosper, Texas 75078
469.592.8775
Janelle@JanelleLDavisLaw.com
**Attorney for Plaintiff**

**CERTIFICATE OF CONFERENCE**

      I certify that on the 15th day of February, 2025, I complied with Local Rule CV-7(h) and this Motion is opposed.  Specifically, on February 15, 2025, I conferred with Meredith Walker, counsel for the Defendant, regarding the relief requested in this motion.  At the time of this conference Plaintiff had not yet finalized the specific exhibits to be included in this Motion and therefore, counsel for the Defendant was unable to indicate whether she opposed or not.  Thus, at the time of this filing, Plaintiff believes Defendant is opposed to the requested relief.

_____

**CERTIFICATE OF SERVICE**

      I certify that on the 15th day of February, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic case filing (ECF) system.

_____