UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| S.K., individually and a/n/f of E.K., a minor, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-cv-00347-ALM |
| FRISCO INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR
ADDITIONAL EVIDENCE**

Defendant Frisco Independent School District (Frisco ISD or the District) files this Response to Plaintiffs' Motion for Additional Evidence, and, in support thereof, would respectfully show the Court as follows:

**A.    Introduction.**

Plaintiffs bring this action against Frisco ISD under the Individuals with Disabilities Education Act (IDEA) challenging the decision of the Special Education Hearing Officer (SEHO) in the underlying due process hearing. During the three-day hearing, the parties offered more than 70 exhibits encompassing over 1,000 pages of documents.[1] (AR 670-1851). The SEHO also heard testimony from 11 witnesses. (AR 1945-2697). The parties went to great lengths to develop the 2,724-page Administrative Record. Correspondingly, Plaintiffs' proposed additional evidence is objectionable and is brought for the improper purposes of trying to re-litigate claims that have already been robustly litigated, patch up holes in their case where they failed before the SEHO,

---

1 References to the Administrative Record filed with the Court in this case by the Texas Education Agency under Dkt. 21 will be designated as "AR" with the corresponding page numbers throughout this Response.

and advance claims that have not been administratively exhausted. The Court should deny Plaintiffs' request for additional evidence accordingly.

**B.      The submission of additional evidence on appeal.**

The IDEA provides that review of an SEHO's decision in a due process hearing shall be decided by a preponderance of the evidence based upon the administrative proceedings and additional evidence at the request of a party.[2] However, the IDEA's additional evidence provision does not mandate unrestricted admission of additional evidence as Plaintiffs allege; instead, it requires the Court to weigh the appropriateness of supplementation to the Administrative Record and significantly limits the instances in which additional evidence is appropriate to prevent unduly prejudicing the other party and transforming the entire proceeding into a new hearing.

Plaintiffs attempt to use the language in *Caldwell* to assert that district courts "have little discretion to reject additional evidence."[3] (Dkt. 9, p.1). However, the Western District of Texas decided *Caldwell* prior to the Fifth Circuit taking a definitive stance regarding the admission of additional evidence on appeal. Moreover, the additional evidence sought in *Caldwell* was an evaluation specifically ordered by the SEHO in the due process hearing—a fact pattern quite different from Plaintiffs' request to add on additional evidence that came into existence after the conclusion of the administrative hearing.

Subsequent to *Caldwell,* the Fifth Circuit took clear action to adopt the *Town of Burlington* standard, concluding that the right to additional evidence is not an unfettered right, and that "rendering a decision on the record compiled before the administrative agency . . . is the norm."[4] As the Fifth Circuit concluded*,* "if parties could always introduce additional evidence in the district

---

[2] 20 U.S.C. § 1415(i)(2)(C).
[3] *Caldwell Indep. Sch. Dist. v. L.P.*, 994 F. Supp. 2d 811, 816 (W.D. Tex. 2012)
[4] *E.R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 764 (5th Cir. 2018).

court 'to patch up holes in their administrative case,' the administrative proceedings would no longer receive the weight they are due."[5] It follows that, under the "IDEA, the evidence must be 'additional'" and, moreover, "'[t]he determination of what is 'additional' evidence must be left to the discretion of the trial court.'"[6] Although Plaintiffs make a brief reference to *E.R.*, they do not articulate or even acknowledge the Fifth Circuit standard adopted through this decision.

**C.      The Court should deny Plaintiffs' request for additional evidence.**

Plaintiffs seek admission of three proposed exhibits, including a series of emails from February 2024 to September 2024, sent by Mr. K. and/or his advocate, E.K.'s January 16, 2024 Individualized Education Program (IEP), and the District's February 21, 2024 response to a request for an Independent Educational Evaluation (IEE). (Dkt. 9, pp.2-3). Plaintiffs attempt to argue that any changes to E.K.'s IEP as discussed in the emails or as shown in the January 16, 2024 IEP prove that Plaintiffs' request for compensatory education services should have been granted by the SEHO. (Dkt. 9, pp.2-3). Further, Plaintiffs assert that a recent refusal for an IEE in light of the SEHO's finding that "the District evaluations met the IDEA requirements" shows intentional discrimination. (Dkt. 9, pp.2-3).

However, the question for review in this Court is not how E.K. is doing today or whether changes to E.K.'s IEP, which were made after the underlying due process hearing and could have been made for any number of reasons, indicate a need for compensatory education. Further, the question is not whether an IEE denied following the due process hearing contributed to Plaintiffs' previously claimed discrimination. Rather, the issue is whether, based on the evidence presented at the due process hearing, the SEHO properly concluded E.K. received a free appropriate public education (FAPE) during the 2021-2022 and 2022-2023 school years. (AR 43-44).

---

[5] *Id.*
[6] *Id.* at 763.

More to the point, E.K.'s progress, IEP, requested IEEs, and/or plans in subsequent school years after the underlying due process hearing concluded are irrelevant to this appeal.[7] Indeed, any number of factors completely unrelated to whether the District provided E.K. a FAPE during the 2021-2022 and 2022-2023 school years could have caused the District to modify E.K.'s IEP and have no relevance or bearing on the present matter. The Court should deny Plaintiffs' request for additional evidence accordingly.

### 1.    The Court should deny admission of the emails.

Plaintiffs assert the first exhibit "consists of 4 emails between [E.K.'s] father and [Frisco ISD] staff." (Dkt. 9, p.2). The emails, which Plaintiffs' counsel provided to undersigned counsel, are dated February 9, 2024 (the February Email), March 31, 2024 (the March Email), May 7, 2024 (the May Email), and September 27, 2024 (the September Email). The February Email reflects correspondence between Plaintiffs' advocate, Debra Liva, and a Frisco ISD Diagnostician. Ms. Liva's response to the email is inadmissible hearsay, which is sufficient for the Court to deny admission of the February Email.[8] Regardless, the email is entirely irrelevant to whether Frisco ISD provided E.K. with a FAPE during the 2021-2022 and 2022-2023 school years, particularly given that E.K. had not been enrolled in the District since April 2023. (AR 24).

In the February Email, the Diagnostician provided Mr. K. with E.K.'s January 2024 IEP, asked Mr. K. to review the IEP, sign the IEP, and return the IEP. In response, Ms. Liva responds

---

[7] *See, e.g., West Platte R-II Sch. Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir. 2006) (affirming district court's decision to exclude plaintiff's proffered "additional evidence . . . related to the progress and status of [the student] subsequent to the administrative hearing"); *Doe v. Belchertown Public Sch.*, No. 3:16-cv-30189, 2017 WL 3706333, at *4 (D. Mass. Aug. 28, 2017) (finding testing and evaluations and additional information concerning events that occurred after the due process hearing were not admissible as additional evidence as they did not concern the school year under consideration at the due process hearing); *S.H. v. Plano Indep. Sch. Dist.*, No. 4:08-CV-96, 2009 WL 500180, at *2 (E.D. Tex. Feb. 27, 2009) (denying plaintiff's request to admit additional evidence regarding student's progress after he left the school district); *A.S. v. Trumbull Bd. of Educ.*, 414 F. Supp. 2d 152, 171 (D. Conn. 2006) ("any evidence regarding the children's recent progress will have at best only a tangential bearing on the relevant question raised by this case" and therefore should be excluded).

[8] *E..R.*, 909 F.3d at 764 (noting additional evidence must comply with the Federal Rules of Evidence).

with her comments on the January 2024 IEP, including the disagreement over an Emotional Disability eligibility and explaining Mr. K.'s decision to not consent to additional evaluation. Plaintiffs have wholly failed to explain how this has any bearing on the SEHO's decision and E.K.'s receipt of a FAPE during the relevant timeframe.

The March Email fares no better. Again, Plaintiffs have made no effort to show the Court how the email from Mr. K. to an unidentified individual is admissible under the Federal Rules of Evidence. And while Mr. K. references "the boy that's been bullying [E.K.]," this email contains absolutely no context as to who the unidentified "boy" is and whether this is the same "boy" who previously and allegedly bullied E.K. Regardless, Plaintiffs fail to explain to the Court how Mr. K.'s reference to bullying in the March Email has any bearing or relevance to the SEHO's consideration of the evidence in the Administrative Record for the 2021-2022 and 2022-2023 school year. More to the point, the fact that Mr. K. sent an email referencing "bullying" in March 2024, does not impact the SEHO's decision finding no bullying during two entirely separate school years.

The May Email reflects correspondence between Mr. K. and a Frisco ISD Specialized Behavior Support (SBS) professional. Setting aside the hearsay nature of Mr. K.'s email, therein Mr. K. inquires about the "plans and resources in place for [E.K.'s] Academic recovery." Plaintiffs provide the Court with no explanation or support how this is relevant to the SEHO's decision, particularly given that E.K. did not attend school in the District from April 2023 through at least January 2024.[9] (AR 24). It logically follows that "being educated by [Mr. K.] at home for approximately three hours a day" would lead to the "academic deficiencies" Mr. K. referenced in the May Email. (AR 24). The SBS professional then responded with a lengthy email on how the

---

[9] The January 2024 IEP reflects Mr. K. wanted to reenroll S.K. in Frisco ISD in the spring of 2024, which is why S.K.'s Admission, Review, and Dismissal (ARD) committee meet.

District was working with E.K. While Plaintiffs allege this email "demonstrate[s] that [E.K.] has not made appropriate academic progress," Plaintiffs fail to explain how the May Email impacts E.K.'s progress during the relevant timeframe.

The September Email reflects email correspondence between Mr. K. and the SBS professional. The email consists of nothing more than Mr. K. asking for a call "asap" and the SBS professional asking Mr. K. to "[t]ake a deep breath" because what the District is "doing IS working" for E.K. and, as such, Frisco ISD "will not mak[e] any changes to the support" given to E.K. While the September Email contradicts Plaintiffs' commentary about E.K.'s academic progress, the email is still irrelevant to the SEHO's decision regarding the 2021-2022 and 2022-2023 school years, especially in light of E.K.'s break in schooling. The Court should deny Plaintiffs' request to admit the February Email, the March Email, the May Email, and the September Email accordingly.

**2.      The Court should deny admission of E.K.'s January 2024 IEP.**

Plaintiffs assert the Court should admit E.K.'s January 2024 IEP as additional evidence because it "demonstrates that the IEPs at issue at the due process hearing were not sufficiently individualized to [E.K.'s]," noting "[s]everal requests made prior to the due process hearing that were denied were ultimately provided in this IEP post-due process." (Dkt. 1, pp.2-3). Plaintiffs, however, do not provide the Court or the District with any information on what "requests" were included or otherwise explain how this reflects deficiencies in E.K.'s prior IEPs beyond a blanket statement to that effect. Moreover, Plaintiffs once again fail to address the at least nine-month break in schooling for E.K., wherein he was homeschooled by his parent. More to the point, E.K.'s January 2024 IEP reflected his needs at that time and has no bearing or relevance on the 2021-2022 and 2022-2023 school year. The Court should deny Plaintiffs' request to admit the January

2024 IEP accordingly.

### 3.      The Court should deny admission of the IEE response letter.

Plaintiffs seek to admit correspondence from Frisco ISD denying their request for an IEE with respect to E.K.'s April 2023 Full and Individual Evaluation (FIE). (AR 986-1057). As part of the underlying due process hearing, Plaintiffs requested that the SEHO order an IEE because Plaintiffs asserted "the District failed to timely and appropriately evaluation [S.K.] in all areas of suspected disability." (AR 4-5). The SEHO subsequently determined E.K.'s FIE complied with the IDEA's requirements and denied Plaintiffs all requested relief, including their request for an IEE. (AR 28-31, 43-44). In other words, the District declined Plaintiffs' request for an IEE because they previously requested an IEE, the parties litigated that issue, and the SEHO issued a ruling on that issue. If Plaintiffs believe they are still entitled to an IEE, their remedy is to file another due process hearing.[10] But the IEE response letter has no bearing on whether the SEHO's decision should be upheld on appeal. The Court should deny Plaintiffs' request to admit the IEE response letter accordingly.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court deny Plaintiff's Motion for Additional Evidence and limit this case to a review of the administrative record. In the alternative, should the Court admit any of Plaintiff's requested evidence, Frisco ISD requests the opportunity to proffer its own additional evidence, and/or provide testimony of its own witnesses regarding the admitted additional evidence. Frisco ISD prays for such other and further relief to which it may show itself justly entitled, including attorneys' fees and court costs.

---

[10] *See* 34 C.F.R. § 300.502.

Respectfully Submitted,


By:  /s/ Meredith Prykryl Walker
        Meredith Prykryl Walker
        State Bar No. 24056487

WALSH GALLEGOS KYLE
ROBINSON & ROALSON P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com

ATTORNEYS FOR DEFENDANT
FRISCO INDEPENDENT
SCHOOL DISTRICT

## CERTIFICATE OF SERVICE

On March 3, 2025, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Janelle L. Davis
Janelle L. Davis Law, PLLC
P.O. Box 1311
Prosper, Texas 75078


/s/Meredith Prykryl Walker
Meredith Prykryl Walker