IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| S. K., *Individually and as next friend of E.K., a minor* | § § § § | |
| v. | § § | NO. 4:24-CV-00347-ALM-BD |
| FRISCO INDEPENDENT SCHOOL DISTRICT | § § § | |

### MEMORANDUM OPINION AND ORDER

S.K., individually and as next friend of E.K., sued the Frisco Independent School District for alleged violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), Section 504 of the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act ("ADA"). Dkt. 1. S.K. moved to admit additional evidence. Dkt. 9; *see* Dkt. 10 (Frisco ISD's response). The motion will be denied.

### BACKGROUND

E.K., by and through his next friend S.K., alleges that Frisco ISD denied him a free appropriate public education ("FAPE"), failed to accommodate his disability, and denied him the benefit of the district's services by reason of his disability. According to E.K.'s complaint, the school district ignored his poor academic progress, labeled him a "bad kid with behavioral problems," Dkt. 1 at 3, and refused to evaluate him for a learning or intellectual disability. The school district convened an "ARD meeting" (short for admission, review, and dismissal committee) that ended in disagreement, so a second ARD meeting was held that resulted in an individualized education program ("IEP") to which E.K.'s father objected. E.K. alleges that the school district falsely accused him of threatening others and conducted a threat assessment without properly informing his father. He asserts that, since being removed from school, his well-being and academic progress have improved.

E.K. filed an administrative complaint in accordance with IDEA and had a due-process hearing in October and November 2023. Administrative Record ("AR") 2. He argues that the hearing officer's decision in favor of the school district was misguided and went against the great weight of the evidence.

## LAW

IDEA requires state and local education agencies receiving federal funds to establish procedures "to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies." 20 U.S.C. § 1415(a). Those procedures must include "[a]n opportunity for any party to present a complaint . . . with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." *Id.* § 1415(b)(6). After a complaint is presented, "the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." *Id.* § 1415(f)(1)(A). Any party aggrieved by the outcome of that hearing process may sue in federal court. *Id.* § 1415(i)(2).

In a civil action brought under IDEA, the court "shall receive the records of the administrative proceedings"; "shall hear additional evidence at the request of a party"; and, "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id.* § 1415(i)(2)(C). Despite the statute's use of the word "shall," courts often limit the additional evidence that a party may submit. *See, e.g.*, *Hayden P. ex rel. Heidi K. v. Frisco ISD*, No. 4:23-CV-00382-SDJ-AGD, 2024 WL 4273585, at *5 (E.D. Tex. Sept. 3, 2024), *report and recommendation adopted*, No. 4:23-CV-00382-SDJ-AGD, 2024 WL 4269673 (E.D. Tex. Sept. 23, 2024); *D.A. v. Hou. ISD*, 716 F. Supp. 2d 603, 617 (S.D. Tex. 2009), *aff'd sub nom. D.A. ex rel. Latasha A. v. Hou. ISD*, 629 F.3d 450 (5th Cir. 2010); *Marc V. v. N.E. ISD*, 455 F. Supp. 2d 577, 587 (W.D. Tex. 2006), *aff'd*, 242 F. App'x 271 (5th Cir. 2007) (per curiam).

The First Circuit has construed "additional" evidence in its ordinary sense to mean "supplemental" evidence. *Town of Burlington v. Dept. of Educ. for the Commonwealth of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984). That court identified reasons a district court might consider supplemental evidence, such as "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* The Fifth Circuit agrees, noting that, "as provided by IDEA, the evidence must be 'additional.'" *E.R. v. Spring Branch ISD*, 909 F.3d 754, 763 (5th Cir. 2018) (citing *Town of Burlington*, 736 F.2d at 790). "The determination of what is "additional" evidence must be left to the discretion of the trial court." *Id.* (quoting *Town of Burlington*, 736 F.2d at 791).

"The general consensus is that IDEA's additional evidence provision is limited, and the decision of whether to allow additional evidence is within the discretion of the district court." *D.A.*, 716 F. Supp. 2d at 616. The court should exercise that discretion to prevent trial witnesses from "repeat[ing] or embellish[ing] their prior administrative hearing testimony." *E.R.*, 909 F.3d at 763 (citing *Monticello Sch. Dist. No. 25 v. George L. on Behalf of Brock L.*, 102 F.3d 895, 901 (7th Cir. 1996); *Town of Burlington*, 736 F.2d at 790). "And, courts should 'avoid turning the administrative hearing into a "mere dress rehearsal" followed by an "unrestricted trial *de novo*."'" *Id.* at 764 (quoting *Schaffer ex rel. Schaffer v. Weast*, 554 F.3d 470, 476 (4th Cir. 2009)). "After all, rendering a decision on the record compiled before the administrative agency is the norm." *Id.* (cleaned up). Evidence that is cumulative, is irrelevant, is untimely, or merely bolsters existing evidence is not additional within the meaning of the statute. *Angela B. ex rel. T.S. v. Dall. ISD*, No. 3:20-CV-0188, 2020 WL 2838994, at *2 (N.D. Tex. June 1, 2020). And "evidence that was available to the requesting party before the administrative hearing" generally is not additional. *Id.* (citation omitted). Examples of proper additional evidence include evidence that the hearing officer erroneously excluded and evidence concerning relevant events that occurred after the administrative hearing. *Id.*; *see also Town of Burlington*, 736 F.2d at 790. That additional-evidence standard accords administrative proceedings their due weight. *E.R.*, 909 F.3d at 764.

3

## DISCUSSION

S.K. moved for the admission of three exhibits, none of which existed at the time of the administrative hearing: (1) an email chain between E.K.'s father and the school district's staff; (2) E.K.'s updated IEP implemented after the hearing; and (3) a letter from the school district refusing a request for an independent educational evaluation ("IEE") of E.K. Dkt. 9 at 2–3. The motion does not attach copies of the exhibits but suggests that S.K. will file them if necessary. *Id.* at 2 n.1.

S.K. argues that the court is required to take the additional evidence and has little discretion in the matter. S.K. argues that the first exhibit, the email exchange, shows ongoing bullying of E.K. despite the hearing officer's determination that he had not been bullied. He also argues that the emails demonstrate that E.K.'s condition has improved since the post-hearing IEP was implemented—which, in his view, shows that the hearing officer should have granted the services that were later provided by the IEP. S.K. argues that the updated IEP should be admitted because the subsequent addition of services demonstrates that the ISD should have offered those services in the first place. And S.K. argues that the response letter refusing a new IEE is additional evidence of the school district's intentional discrimination against E.K.

The school district argues that S.K. seeks to relitigate matters already decided in the administrative process, patch up holes in his case, and advance claims that have not been administratively exhausted. It points out that S.K.'s motion ignores the Fifth Circuit's adoption in *E.R.* of the First Circuit's *Town of Burlington* standard and argues that, under that standard, plaintiffs do not have an unfettered right to introduce new evidence and that a district court's decision solely on the administrative record is the norm. *See E.R.*, 909 F.3d at 764. The school district also argues that S.K.'s proposed exhibits, created in 2024 after the administrative hearing, are irrelevant to whether E.K. received a FAPE in the 2021–22 and 2022–23 school years. It also points out that the email exchange contains inadmissible hearsay and that, if S.K. believes that E.K. is entitled to another IEE after the parties litigated that issue in the administrative hearing, his

remedy is to file another administrative complaint. *See* 34 C.F.R. § 300.502. S.K. did not file a reply.

The question before the court is "whether the administrative record, together with any additional evidence, establishes that there has been compliance with IDEA's processes and that the child's educational needs have been appropriately addressed." *Seth B. ex rel. Donald B. v. Orleans Par. Sch. Bd.*, 810 F.3d 961, 967 (5th Cir. 2016). The proponent of a piece of evidence generally bears the burden of establishing that the evidence is admissible under the Federal Rules of Evidence. *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990); *see Bourjaily v. United States*, 483 U.S. 171, 176 (1987); *United States v. Jackson*, 636 F.3d 687, 695 (5th Cir. 2011).

The school district has the better argument. The proposed evidence, all of which was created after the hearing, is irrelevant to whether the school district complied with the requirements of IDEA before the hearing. E.K. has not met his burden to demonstrate otherwise. Evidence of a student's progress after an administrative hearing is irrelevant to the court's review, *see S.H. ex rel. A.H. v. Plano ISD*, No. 4:08-CV-96, 2009 WL 500180, at *2 (E.D. Tex. Feb. 27, 2009), so admission of the email exchange will be denied. Evidence of services provided after a due-process hearing is irrelevant and "adds nothing new" to the court's review of the administrative record, *H.L. ex rel. R.L. v. Allen ISD*, No. 4:21-CV-749-SDJ, 2022 WL 3441873, at *3 (E.D. Tex. Aug. 16, 2022), so the 2024 IEP should not be admitted. And the school district's conduct toward E.K. in 2024 is irrelevant to showing that it violated his rights in previous school years, so the letter denying E.K. a new IEE will not be admitted.

## CONCLUSION

It is **ORDERED** that the motion to admit evidence, Dkt. 9, is **DENIED**.

So **ORDERED** and **SIGNED** this 11th day of September, 2025.



Bill Davis
United States Magistrate Judge